James J. POWELL and Julie Ann Powell, Plaintiffs-Appellants,

v.

AESCO STEEL, INC., Defendant-Appellee.

Court of Appeals of Tennessee, Eastern Section.

Dec. 13, 1984.

Permission to Appeal Denied by Supreme Court April 1, 1985.

Eugene B. Dixon, with Koella & Dixon, Maryville, for plaintiffs-appellants.

Howard H. Vogel, with O'Neil, Parker & Williamson, Knoxville, for defendant-appellee.

## OPINION

SANDERS, Judge.

The Plaintiffs have appealed from a summary judgment in favor of the Defendant in their suit for personal injuries.

The Plaintiff-Appellant, James J. Powell, filed suit in the circuit court against the Defendant-Appellee, Aesco Steel, Inc., for personal injuries. In his complaint he alleged that on July 12, 1981, he was employed as a truck driver by Osborne Truck Lines. On that date he went to the premises of the Defendant to pick up a load of structural steel which had been loaded onto a truck by Defendant's employees. He drove the truck from the Defendant's premises to A.E. Staley construction site in Loudon County, Tennessee. While he was preparing the truck for unloading at the construction site, the loaded steel collapsed, resulting in his personal injuries. He alleged the accident was the result of the careless and negligent manner in which the Defendant's employees loaded the steel on the truck. Julie Ann Powell joined in the complaint, seeking damages for loss of consortium.

The Defendant filed a motion for summary judgment, saying the suit at common law was barred by the Tennessee Workers Compensation Act. The Defendant relied upon T.C.A. § 50–6–113 which, as pertinent here, provides:

"(a) A principal, or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject matter of the contract to the same extent as the immediate employer."

\*    \*    \*    \*    \*    \*

"(d) This section shall apply only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management."

In support of its motion Defendant filed an affidavit which established that Daniel Construction Company was the principal contractor for A.E. Staley Manufacturing Company on its construction site at Blair Bend Industrial Park at Loudon, Tennessee. Daniel, in turn, entered into a contract with the Defendant, Aesco Steel, Inc., to fabricate, furnish and deliver all structural and miscellaneous steel for the project to the construction site. Aesco Steel, Inc., in turn, contracted with Osborne Truck Lines to deliver the steel to the construction site and Plaintiff James Powell was an employee of Osborne Truck Lines at the time of his injury and received his injury while on the construction site.

The Plaintiff filed counter-affidavits to establish that the construction site was under the management and control of Daniel Construction Company, and Aesco Steel, Inc., was, at no time, in control of the construction site and had no employees on the construction site at the time of the accident.

The trial court sustained the Defendant's motion and the Plaintiffs have appealed. They have presented the single issue of whether or not the trial court was in error in granting summary judgment. We think not.

In their brief the Appellants appear to be confused as to who the principal contractor was on the A.E. Staley construction site.

They argue that Aesco Steel, Inc., was the principal contractor and, since it performed no work on and had no control over the construction site, T.C.A. § 50–6–113 is not applicable.

Clearly, Aesco Steel, Inc., was a subcontractor which had its contract with Daniel Construction Company to furnish steel for Daniel's use in the construction for A.E. Staley Company.

The Appellee relies heavily upon the case of *McVeigh v. Brewer*, 182 Tenn. 683, 189 S.W.2d 812 (1945) in support of its contention that the common law action is barred by the Tennessee Workers Compensation Act.

In *McVeigh*, the U.S. Government had contracted with Hercules Powder Company to construct a plant site for it, which included the construction of roads within the project. Hercules, in turn, subcontracted with Stone & Webster Engineering Corporation for most of the work. Stone & Webster, in turn contracted with Smith Stone Corp. to furnish and deliver crushed stone to the job site. Smith Stone Corp. made a contract with Keith Williams Company for actual delivery of the stone. It, in turn, hired Jack Brewer as a driver of one of its trucks. While driving one of the Keith Williams Company trucks, Brewer was involved in an accident with Herbert McVeigh who was driving a truck owned by Stone & Webster. Brewer brought suit against McVeigh and Stone & Webster and recovered for personal injuries. On appeal the Supreme Court reversed, holding that T.C.A. § 6859, now § 50–6–113, was controlling. In so doing, the Court said:

> "It results that section 6859 of the Code is controlling and the remedy afforded plaintiff against his employer, and other subcontractors, excludes all other rights and remedies; and that Stone & Webster Engineering Corporation and Herbert McVeigh are not liable as third persons to the plaintiff for injuries suffered in this common enterprise."

189 S.W.2d at 817.

We think *McVeigh* and the cases cited therein are controlling in the case at bar.

The judgment of the trial court is affirmed and the cost of this appeal is taxed to the Appellants.

GODDARD and FRANKS, JJ., concur.